UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| JOHN DAVID WHITE, | ) | |
| Plaintiff, | ) | Civil Action No. 0:21-049-WOB |
| v. | ) | |
| H. ALLEN BEARD, JR., ET AL., | ) | **MEMORANDUM OPINION** |
| Defendants | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

John David White is an inmate at the Federal Correctional Institution (FCI) in Ashland, Kentucky. Proceeding without an attorney, White filed a civil rights complaint with this Court. [R. 1]. That complaint is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). For the reasons set forth below, the Court will dismiss White's claims.

As an initial matter, White's complaint is very difficult to follow. That is because his factual allegations are written in a confusing narrative format, and he does not clearly and consistently link those allegations to the numerous individuals named as defendants. [*See* R. 1 at 2-11]. White's legal claims are also hard to track because he did not assert each claim in a separate numbered paragraph, as the Court-approved complaint form specifically directs. [*See id.* at 2]. That said, White is afforded latitude as a *pro se* litigant, and, as a result, the Court has tried to identify those factual allegations and legal claims that it can follow.

According to White, officials at FCI – Ashland wrote up an incident report in July 2020, charging him with "interfer[ing] with a staff member in the performance of duties" and "insolence towards a staff member." [*Id.* at 4]. White, however, disputed the allegations against him and denied the charges. [*See id.* at 4-7]. A discipline hearing officer (DHO) held a hearing in

September 2020, reviewed the matter, and determined that there was insufficient evidence against White. [*See id.* at 7; *see also* R. 1-1 at 5-7]. Therefore, the DHO expunged the matter. [*See* R. 1 at 7; R. 1-1 at 6]. Nevertheless, White now suggests that several of the FCI – Ashland employees who were directly or indirectly involved in the incident in question engaged in malfeasance and knew the allegations against him were false and, thus, violated his constitutional rights. [*See* R. 1 at 4-7].

White also puts forth a number of allegations related to the conditions of his confinement. [*See id.* at 2-3, 7-8]. Indeed, White alleges that he was "deprived of adequate living conditions," was not receiving asthma medication, was not receiving care for his bursitis and regularly became unconscious, was exposed to COVID-19, and was placed in the special housing unit and became dehydrated. [*See id.*]. These are just some of the allegations that White puts forward in his complaint regarding his conditions of confinement. [*See id.*].

Finally, White also alleges that prison staff wrote up an incident report in April 2021, charging him with missing a health-services appointment. [*See id.* at 8; R. 1-1 at 10]. White, however, claims that his appointment was not properly posted on the bulletin board at the prison. [*See* R. 1 at 8; R. 1-1 at 11]. Still, a unit disciplinary committee determined that White improperly missed his appointment and suspended his commissary, telephone, and e-mail access for 30 days. [*See* R. 1-1 at 11]. White now alleges that the members of the disciplinary committee were biased against him and did not base their decision on the facts, and he also suggests they were retaliating against him for prevailing in his September 2020 disciplinary proceedings. [*See* R. 1 at 9-10].

At the end of White's complaint, he again lists all of the defendants against whom he is seeking relief and claims that they ran afoul of several of his constitutional rights. [*See id.* at 11]. White then says that he is seeking $5.5 million in monetary damages. [*Id.*].

Since this matter is before the Court on initial screening, the Court must dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A and 1915(e)(2). At this stage, the Court accepts White's factual allegations as true, and his legal claims are liberally construed in his favor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

White's various claims are unavailing. For starters, with respect to the July 2020 incident report and related disciplinary proceedings, White has failed to clearly state a claim upon which relief may be granted. To be sure, White specifically alleges that a registered nurse at the prison "alleged falsely [that he] interfered with a staff member" and adds that at least one other employee—a Lieutenant—knew or should have known the allegations against White were false. [*See, e.g.,* R. 1 at 4-5]. However, when a DHO determined that there was insufficient evidence against White, he promptly expunged the matter in question and had a copy of his report delivered to White. [*See id.* at 7; R. 1-1 at 6-7]. Thus, White has not demonstrated how his due process or other constitutional rights were violated. Plus, in any event, multiple federal courts have indicated that mere allegations of falsified evidence or reports do not, as a general matter, state a claim upon which relief may be granted. *See Escobar v. Mora*, 496 F. App'x 806, 816 (10th Cir. 2012) (collecting cases); *see also Aliane v. McKee*, No. 2:17-cv-1002, 2017 WL 6371185, at *4 (S.D. Ohio 2017) (suggesting that constitutional claims based on expunged disciplinary convictions are generally not cognizable). And to the extent that White claims that individuals beyond the nurse and Lieutenant ran afoul of his constitutional rights vis-à-vis the July 2020 incident report, he does not explain in any clear way what each named defendant did or failed to do to cause him harm. Thus, the Court will dismiss, with prejudice, White's claims related to the July 2020 incident report.

The Court will also dismiss White's claims related to his conditions of confinement, albeit without prejudice. To be sure, White puts forth numerous allegations regarding the conditions at FCI - Ashland and describes what he says are inadequate living conditions. [*See* R. 1 at 2-3, 7-8]. However, White does not clearly link his various factual allegations to the individuals named in his submission. [*See, e.g., id.* at 2-3]. By not clearly indicating what each named defendant did or failed to do to cause him harm, White's narrative is difficult to track; in other words, his allegations are not "simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1), and, at least as currently drafted, they fail to clearly state a claim upon which relief can be granted against any specific defendant. Thus, the Court will dismiss White's general conditions-of-confinement claims without prejudice to his right to reassert them in a new complaint that more clearly explains what each named defendant did or failed to do to cause him harm.

Finally, the Court will also dismiss White's claims regarding the April 2021 incident report and related proceedings. Although White takes exception to the unit disciplinary committee's determination that he improperly missed a health-services appointment, he has not explained in any clear way how his brief loss of commissary, telephone, and e-mail privileges amounts to a due process violation or cruel and unusual punishment, as he claims. And while White suggests that prison officials were simply retaliating against him for prevailing in his earlier disciplinary proceedings, his allegations on this front are vague and difficult to follow, and he has failed to adequately state a constitutional violation, let alone one that is cognizable under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] Therefore, the Court will dismiss, with prejudice, White's claims related to the April 2021 incident report.

---

[1] As this Court has pointed out, the United States Supreme Court and United States Court of Appeals for the Sixth Circuit have indicated that First Amendment retaliation claims are not cognizable under *Bivens*. *See Greene v. United States*, No. 19-cv-024-GFVT (E.D. Ky. 2021)

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

1. White's constitutional claims related to the July 2020 and April 2021 incident report are **DISMISSED** with prejudice.

2. White's other general conditions-of-confinement claims are **DISMISSED** without prejudice.

3. To the extent that White is attempting to assert any other claims, those claims are also **DISMISSED** without prejudice.

4. This action is **STRICKEN** from the Court's docket.

5. The Court will enter a corresponding Judgment.

This 26th day of July, 2021.

Signed By:
*William O. Bertelsman* WOB
United States District Judge

---

(citing and discussing *Reichle v. Howards*, 132 S. Ct. 2088, 2093 n.4 (2012) and *Callahan v. Federal Bureau of Prisons*, 965 F.3d 520, 523-25 (6th Cir. 2020)).